1
2
3
4
5                       **UNITED STATES DISTRICT COURT**
6                            **DISTRICT OF NEVADA**
7
8     MICHAEL JOHNSON,                    )
                                          )
9                    Plaintiff,           )        Case No. 2:13-cv-01194-APG-GWF
                                          )
10    vs.                                 )        **ORDER**
                                          )
11    JONELL NIEMEYER,                    )
                                          )
12                   Defendant.           )
      _____)
13
14          This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis
15    (#1), filed on July 8, 2013.  Plaintiff attached his Complaint (#1-1) to the Application.
16                         **BACKGROUND AND DISCUSSION**
17          Plaintiff brings this action in an attempt to contest his father's will, which Plaintiff alleges
18    is being fraudulently administered by Defendant, whom Plaintiff also alleges is not the legal
19    executrix of the subject estate.  Plaintiff seeks an award of $250,000.00 from his father's estate,
20    which he alleges is his inheritance under the will.
21          **I.       Application to Proceed In Forma Pauper**is
22          Plaintiff filed this instant action and attached a financial affidavit to his Application and
23    Complaint (#1) as required by 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's financial affidavit
24    under 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  Therefore,
25    Plaintiff's request to proceed *in forma pauperis* in federal court is granted.
26          **II.      Screening the Complaint**
27          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
28    complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

1  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

2  relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

3  28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it is premised on a

4  nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28

5  (1989).  A complaint should be dismissed for failure to state a claim upon which relief may be

6  granted if "it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim

7  which would entitle [him] to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

8  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

9  the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

10  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

11  F.3d 1103, 1106 (9th Cir. 1995).

12  As an initial matter, the Court notes that wills and estates are not typically litigated in

13  federal court.  In Nevada, jurisdiction over the probate of wills is set forth as follows:

14
15      1.   Wills may be proved and letters granted in the county where the decedent was a resident at the time of death, whether death occurred in that county or elsewhere, and the district court of that county has exclusive jurisdiction of the settlement of such estates, whether the estate is in one or more counties.

17
18      2.   The estate of a nonresident decedent may be settled by the district court of any county in which any part of the estate is located. The district court to which application is first made has exclusive jurisdiction of the settlement of estates of nonresidents.

21  Nev. Rev. Stat. § 136.010.  Here, Plaintiff has not pled any facts to suggest that the decedent was a

22  resident of Nevada, nor that any part of the subject estate is located in Nevada.  Were there facts to

23  support either or both scenarios, however, the proper venue would still be a Nevada state court in

24  the appropriate county.  Accordingly, Plaintiff's claims cannot proceed in this Court.  For the sake

25  of thoroughness, the Court will also consider Plaintiff's Complaint under the federal standards for

26  personal jurisdiction and venue.

27  . . .

28  . . .

2

a.   **Personal Jurisdiction**

The Court may exercise personal jurisdiction over a nonresident defendant if permitted by the state's long-arm statute and "if the exercise of that jurisdiction does not violate federal due process." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). The defendant must have "'minimum contacts'" with the foreign state such that the exercise of jurisdiction "'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). States may exercise general or specific jurisdiction over a nonresident defendant. *Id.* General jurisdiction may be established if the plaintiff demonstrates that the defendant has "sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Id.* (internal quotation marks omitted). Personal jurisdiction may be established by satisfying a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Here, Plaintiff does not plead any facts that support the Court's having either specific or general jurisdiction over Defendant. Plaintiff makes no mention of any contact Defendant has had with Nevada, let alone the minimum contacts due process requires. Furthermore, to the extent the Court can comprehend Plaintiff's allegations, all of the facts detailed in the Complaint occurred in California. There is also no indication that Defendant directed any conduct toward Nevada. Therefore, the Court finds it does not have jurisdiction over Defendant for the claims Plaintiff is asserting.

. . .

3

**b.    Venue**

The Court also may *sua sponte* raise the issue of venue where the defendant has not yet filed a responsive pleading and the time to do so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The following factors govern proper venue for an action:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If a matter does not adhere to any of § 1391's provisions, the matter may be subject to transfer or dismissal under 28 U.S.C. § 1406(a). The district court has discretion in determining whether to dismiss or transfer an action. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Here, the Court finds that Nevada is not the proper venue for this case. First, Plaintiff does not allege that Defendant resides or is located in Nevada as required under § 1391(b)(1). Second, Plaintiff does not establish a substantial part of the events undergirding his allegations occurred in Nevada as required under § 1391(b)(2). Finally, Plaintiff's claims do not invoke the venue provisions under § 1391(b)(3). Defendant is a resident of California, and Plaintiff has made no factual allegations that suggest where the decedent or his estate resided.

In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

4

1      **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*

2  (#1) is **granted**.  Plaintiff shall not be required to pay the $400.00 filing fee.

3      **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

4  conclusion without the necessity of prepayment of any additional fees or costs or the giving of

5  security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the

6  issuance of subpoenas at government expense.

7      **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint

8  (#1-1).

9      **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice.

10  Plaintiff shall have until **March 10, 2014** to file an amended complaint that cures the deficiencies

11  noted in this Order.

12      DATED this 12th day of February, 2014.

13

14      _____

15      GEORGE FOLEY, JR.

       United States Magistrate Judge

5